UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOHN MCSPARREN and
SEAN MCSPARREN, individually and on
behalf of all others similarly situated

      Plaintiffs,

v.

BLACK STREET ENTERPRISES, LLC, a
Florida limited liability company, and
LIONEL J. DUNBAR,individually,

      Defendants.

## COMPLAINT

COMES NOW, the Plaintiffs, JOHN MCSPARREN and SEAN MCSPARREN (hereinafter as "Plaintiffs"), on behalf of himself and those similarly situated, by and through the undersigned counsel and hereby brings this action against Defendants, BLACK STREET ENTERPRISES, LLC (hereinafter referred to as "BLACK STREET"), and LIONEL J. DUNBAR, individually (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"). Plaintiffs seek unpaid wages, liquidated damages or pre-judgment interest, post-judgment interest, reasonable attorney's fee and costs from Defendants. Plaintiffs also request the Court to authorize concurrent notice to all persons who were formerly employed by Defendants or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1.  This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*  The Court

    has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and

    1337.

## VENUE

2.  Venue is proper in the United States District Court for the Southern District of Florida as

    the unlawful practices alleged herein took place in St. Lucie County, Florida, and the

    Defendant is a Florida corporation who transacts business in St. Lucie County, Florida, and

    the transaction that is the basis of Plaintiffs' Complaint occurred within the District and

    venue, therefore, properly lies in this Court.

## PARTIES

3.  Plaintiff, JOHN MCSPARREN, is an individual residing in the County of St. Lucie, State

    of Florida.  Plaintiff became employed and hired by Defendants in approximately April

    2013, and worked for Defendant as a "Painter".

4.  At all times material, Plaintiff, JOHN MCSPARREN, was an employee of Defendants

    within the meaning of the FLSA.

5.  Plaintiff, SEAN MCSPARREN, is an individual residing in the County of Indian River,

    State of Florida.  Plaintiff became employed and hired by Defendants in approximately

    April 2013, and worked for Defendant as a "Painter".

6.  At all times material, Plaintiff, SEAN MCSPARREN, was an employee of Defendants

    within the meaning of the FLSA.

7.  The Defendant, BLACK STREET,  is a limited liability company formed and existing

under the laws of the State of Florida and at all times during Plaintiffs' employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

8.    At all times relevant, the Defendant, LIONEL J. DUNBAR, was an individual resident of the State of Florida, who owned and operated BLACK STREET, where Plaintiffs were employed, and was responsible for the supervision of the Plaintiffs. Defendant LIONEL J. DUNBAR acted and acts directly in the interests of BLACK STREET in relation to its employees, and thus, Defendant LIONEL J. DUNBAR was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

9.    Plaintiffs were employees of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

10.   Throughout Plaintiffss employment with Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

11.   At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendants having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.

12.   At all times material, Plaintiffs regularly was engaged in commerce or the production of goods for commerce.

13.   Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs, are in the possession and custody of Defendants.

## COUNT I
## FEDERAL MINIMUM WAGE

14.   Plaintiffs, JOHN MCSPARREN and SEAN MCSPARREN, reallege and incorporates herein the allegations contained in paragraphs 1-13.

15.   The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiffs, JOHN MCSPARREN and SEAN MCSPARREN, demands judgment against the Defendants, jointly and severally, for the following:

(a)   Unpaid minimum wages found to be due and owing;

(b)   An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c)   Prejudgment interest in the event liquidated damages are not awarded;

(d)   A reasonable attorney's fee and costs; and

(e)   Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

16.   Plaintiffs demand a jury trial on all issues so triable.

DATED:  February 22, 2014

>MILITZOK & LEVY, P.A.
>*Attorneys for Plaintiffs*
>The Yankee Clipper Law Center
>3230 Stirling Road, Suite 1
>Hollywood, Florida 33021
>(954) 727-8570 - Telephone
>(954) 241-6857 – Facsimile
>bjm@mllawfl.com
>
>By: /s/ Brian Militzok
>BRIAN J. MILITZOK, ESQ
>Fla. Bar No.: 0069993